**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PAUL BLACKWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-CV-60-GKF-PJC |
| ) | |
| UNUM LIFE INSURANCE COMPANY ) | |
| OF AMERICA, and JOHN DOES 1-20, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter comes before the Court on the Defendant's Motion to Dismiss Plaintiff's RICO and Insurance Bad Faith Claims. [Docket # 10]. In its motion, defendant UNUM Life Insurance Company ("UNUM") seeks dismissal not only of plaintiff's claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and plaintiff's insurance bad faith claims, but also plaintiff's claim for intentional infliction of emotional distress.

Plaintiff Paul Blackwell ("Blackwell") filed this action seeking relief under five (5) causes of action. In his first cause of action, Blackwell seeks to recover benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 *et seq*. ("ERISA"). In his second and third causes of action, Blackwell seeks damages under RICO.[1] In his fourth cause of action, Blackwell seeks damages for breach of the implied duty of good faith and fair dealing ("bad faith"). In his fifth cause of action, Blackwell seeks damages for intentional infliction of emotional distress.

ERISA contains two distinct preemption doctrines: (1) the "subject matter" preemption of ERISA § 514(b), 29 U.S.C.A. § 1144(a), which preempts claims that "relate to any employee

---

[1] Blackwell subsequently dismissed his RICO claims without prejudice. UNUM's motion is therefore moot as to the RICO claims.

benefit plan;" and (2) the "remedy preemption" of ERISA § 502, 29 U.S.C.A. § 1132(a), which restricts available remedies to (a) recovery of benefits due under the terms of the plan, (b) enforcement rights under the terms of the plan, or (c) clarification of rights to future benefits under the terms of the plan. A common law bad faith claim seeking remedies beyond the limits of ERISA § 502 is pre-empted. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54 (U.S. 1987).

In *Pilot Life*, the plaintiff's bad faith claim arose from the general common law duty of good faith and fair dealing in contact, rather than a law directed towards the insurance industry. *Id.* at 50. "It is undisputed that Oklahoma's bad faith law falls within [ERISA's] language preempting state laws related to 'any employee benefit plan.'" *Conover v. Aetna US Health Care, Inc.,* 320 F.3d 1076, 1079 (10th Cir. 2003), quoting 29 U.S.C.§ 1144(a). Further, Oklahoma's bad faith law "does not home in only on the insurance industry" and is therefore preempted by ERISA. *Id.* *See also Hollaway v. UNUM Life Ins. Co. of America,* 89 P.3d 1022, 1031 (Okla. 2003) (Oklahoma's cause of action for bad faith does not regulate insurance under ERISA §514, hence Oklahoma's bad faith statute is preempted by ERISA).

Further, *any* state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted by under ERISA §502. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (U.S. 2004).

In sum, claims for bad faith against an ERISA plan administrator are preempted both by ERISA §514, and ERISA §502. Therefore, Blackwell's fourth cause of action for breach of the implied duty of good faith and fair dealing must be dismissed.

The foregoing analysis is equally applicable to Blackwell's claim for intentional infliction of

emotional distress. As a tort claim, it duplicates, supplements, or supplants the ERISA civil enforcement remedy, conflicts with the clear congressional intent to make the ERISA remedy exclusive, and is therefore pre-empted. *Aetna,* 542 U.S. at 209. Hence, Blackwell's fifth cause of action for intentional infliction of emotional distress must be dismissed.

WHEREFORE, Defendant's Motion to Dismiss Plaintiff's RICO and Insurance Bad Faith Claims [Docket #10] is moot as to the RICO claims, and is granted as to plaintiff's claims for breach of the implied duty of good faith and fair dealing and for intentional infliction of emotional distress.

DATED this 23rd day of May 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma