**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PAUL BLACKWELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNUM LIFE INSURANCE COMPANY )<br>OF AMERICA, and JOHN DOES 1-20, )<br>)<br>Defendants. ) | Case No. 04-CV-60-GKF-PJC |

**OPINION AND ORDER**

This matter comes before the Court for determination of the standard and scope of review to be applied in considering plaintiff's claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101 *et seq.* ("ERISA").

**I.   Background**

Plaintiff Paul Blackwell ("Blackwell") filed this action seeking to recover benefits and enforce his rights under ERISA. Blackwell challenges the decision of defendant UNUM Life Insurance Company of America ("UNUM") to deny him long-term disability benefits.

Blackwell began employment with Beverly Enterprises Inc. in 1997. Blackwell alleges that, by February of 2002, he had developed a rheumatoid arthritis condition serious enough to prevent him from continuing in his position as the company's Vice-President for Quality Management. Blackwell resigned his position and submitted a claim to UNUM for total disability benefits. On July 26, 2002, UNUM denied Blackwell's claim. Blackwell filed an appeal, which UNUM denied on December 16, 2002. Blackwell brought suit against UNUM in the District Court of Tulsa County, alleging various claims, including an action under ERISA.

After removal to the Northern District of Oklahoma, the Court ordered the submission of

briefs on the standard and scope of review applicable to Blackwell's ERISA claims. The issues raised by these briefs now come before the Court for determination, and will be addressed in order.

**II.     The standard of review applicable to the denial of benefits**

Under *Firestone Tire and Rubber Co. v. Bruch* , 489 U.S. 101 (1989), a denial of benefits challenged under ERISA "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* at 115. "[I]f a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'facto[r] in determining whether there is an abuse of discretion.'" *Id.*, quoting *Restatement (Second) of Trusts* § 187, Comment d (1959).

When the plan administrator operates under an *inherent conflict of interest*, an additional reduction in deference is appropriate. Under this less deferential standard, a burden shift occurs, and the plan administrator bears the burden of proving the reasonableness of its denial pursuant to the arbitrary and capricious standard. *Fought v. UNUM Life Ins. Co. of America,* 379 F.3d 997, 1006 (10th Cir. 2004). The arbitrary and capricious standard of review encompasses a range of lesser deference. "There may be in effect a sliding scale of judicial review of trustees' decisions." *Id.* at 1004, quoting *Van Boxel v. Journal Co. Employees' Pension Trust*, 836 F.2d 1048, 1052 (7th Cir.1987).

In the case at hand, both parties agree that the benefit plan in question grants UNUM fiduciary discretionary authority to determine eligibility, and further agree that UNUM was operating under an inherent conflict of interest while determining Blackwell's eligibility. (Plaintiff's Response to Defendant's Opening Brief Regarding the Scope and Standard of Review (hereafter

"Plaintiffs Response") at 1 n.1; Defendant's Response Brief Regarding the Scope and Standard of Review (hereafter "Defendant's Response") at 2). Hence the *Fought* standard is applicable to this case.

*Fought* requires that, when inherent conflicts exist, a less deferential standard is appropriate, and the plan administrator must demonstrate that its interpretation of the terms of the plan is *reasonable* and that its application of those terms to the claimant is supported by *substantial evidence*. The district court must take a hard look at the evidence and arguments presented to the plan administrator to ensure that the decision was a reasoned application of the terms of the plan to the particular case, untainted by the conflict of interest. *Fought,* 379 F.3d at 1006.

"Substantial evidence is such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the [decisionmaker]." *Pacheco v. Sullivan,* 931 F.2d 695, 697 (10th Cir. 1991). Substantial evidence requires "more than a scintilla but less than a preponderance." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir.). *See also Sandoval v. Aetna Life and Cas. Ins. Co.* 967 F.2d 377, 382 (10th Cir. 1992) citing these standards in an ERISA context.

Substantiality of the evidence must be based upon the record taken as a whole. In determining whether the evidence in support of the administrator's decision is substantial, the Court must "take into account whatever in the record fairly detracts from its weight." *Washington v. Shalala,* 37 F.3d 1437, 1439 (10th Cir.1994) (quoting *Nieto v. Heckler,* 750 F.2d 59, 61 (10th Cir.1984)); *see also Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 800-01 (10th Cir.1991). In determining whether the plan administrator considered a particular rationale, a court "look[s] only to those rationales that were specifically articulated in the administrative record as the basis for denying a claim." *Flinders v. Workforce Stabilization Plan of Phillips Petroleum Co.*, 491 F.3d 1180, 1190

(10th Cir. 2007). It is under this shifted burden and reduced standard of deference that UNUM's denial of benefits must be judged.[1]

### III. The scope of review applicable to the denial of benefits, and the availability of discovery in this case

In reviewing the decision of the plan administrator, the court is "limited to the 'administrative record' – the materials compiled by the administrator in the course of making his decision." *Hall v. UNUM Life Ins. Co. of Am.*, 300 F.3d 1197, 1201 (10th Cir. 2002). However, if a dispute arises as to the nature and degree of any conflict of interest by the administrator, "limited discovery" may be appropriate to determine the existence and degree of conflict. In this case, the conflict of interest of UNUM is admitted, hence no discovery is apparently necessary as to conflict issues. The parties are in agreement that the scope of the Court's review is limited to the administrative record (Plaintiff's Response at 1, n.1, Defendant's Response at 3). In *Spangler v. UNUM Life Ins. Co. of Am.*, 38 F. Supp. 2d 952, 954 (N.D. Okla. 1999), Magistrate Judge Joyner noted that "pursuant to Tenth Circuit law, Plaintiff is limited in discovery to obtaining only the information which was available and presented to the plan administrator at the time of the administrator's decision." The administrative record in this case is apparently complete. Absent any allegation that information which was "available and presented to the plan administrator at the time of the administrator's decision" is missing from that record, no discovery is appropriate.

---

[1] This decision represents the opinion of the Court guided by current Tenth Circuit precedent. However, the Supreme Court has granted certiorari in the case of *MetLife v. Glenn,* 128 S.Ct. 1117, 169 L.Ed.2d 845 (U.S. 2008) to determine "if an administrator that both determines and pays claims under an ERISA plan is deemed to be operating under a conflict of interest, how should that conflict be taken into account on judicial review of a discretionary benefit determination?" The result of *Glenn* may change the applicable standard of review in the instant case.

**IV.     The availability of jury trial in this case**

The issues involved and remedy sought in an ERISA §1132(a)(1)(B) action (recovery of benefits due under the plan) are equitable in nature, and there is no Seventh Amendment right to a jury trial. *Adams v. Cyprus Amax Minerals Co.* 149 F.3d 1156, 1162 (10th Cir. 1998). In reviewing a decision of the plan administrator under the circumstances thus far presented, the court is "limited to the 'administrative record'" – hence, a jury trial is not appropriate, and the matter may be judged on the forthcoming merits briefs of the parties.

IT IS THEREFORE ORDERED that plaintiff's claim is to be adjudged by the standards and scope of review set out in this Order. Further, consistent with the Court's previous Order [Docket # 24], the parties shall, within 60 days of this Order, submit simultaneous opening briefs on the merits of plaintiff's ERISA claim, and response briefs 20 days thereafter.

DATED this 23rd day of May 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma